## SCHLOSS BROS. & CO. v. CHARLES STERN CO., Inc., et al.

## CHARLES STERN CO., Inc., et al. v. SCHLOSS BROS. & CO.

### Nos. 6355, 6367.

Circuit Court of Appeals, Fifth Circuit.

Nov. 19, 1931.

Leonard Haas, of Atlanta, Ga., and Raymonde Stapleton, of Elberton, Ga., for appellant Schloss Bros. & Co.

Stephen C. Upson, Lamar C. Rucker, and Howell C. Erwin, all of Athens, Ga., for appellees Charles Stern Co. and others.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

In a suit brought by appellant, Schloss Bros. & Co., against Charles Stern Company, a corporation, and Aaron Cohen on a note made by them to appellant in the principal sum of $25,292.56, writs of garnishment were sued out against the appellees Charles Stern Company, Inc., a corporation, Edward M. Cohen and Mrs. Sarah S. Cohen. Edward M. Cohen and Mrs. Sarah S. Cohen were the purchasers at a sale of the assets of Charles Stern Company made on March 5, 1928, by a committee of the creditors of that Corporation, and the Charles Stern Company, Inc., was formed by the purchasers at that sale to take over those assets. The opinion rendered by this court at a former term on an appeal from a judgment against appellant in its suit on the above-mentioned note [Schloss Bros. & Co. v. Charles Stern Co., 36 F.(2d) 628] states in considerable detail the history of the formation of the above-mentioned committee of creditors and of its transactions and the appellant's connection therewith. It is not deemed necessary to state now more in reference to those matters than the following: The appellant submitted to that committee a statement of an open account due to it from Charles Stern Company in the sum of $3,025.41, but did not make known to that committee the existence of the above-mentioned note in the principal amount of $23,292.56. While that creditors' committee was conducting the business of Charles Stern Company, it sent to appellant two checks; one of the checks being inclosed in a letter stating that that check was for 15 per cent. of appellant's account against Charles Stern Company, and the other check being inclosed in a letter stating that that check was for 10 per cent. of appellant's account against Charles Stern Company, which, with the 15 per cent. previously mailed, comprised the 25 per cent. due according to contract. On February 18, 1928, the creditors' committee wrote to appellant stating that the business could not be further carried on for the benefit of the parties interested; that an offer had

been made to pay 28 per cent. of the balance due to all creditors; that the committee did not believe there was any doubt about its power to sell, but would rather have the co-operation of the creditors, and asked an immediate reply. Appellant did not reply to that communication. On March 5, 1928, the creditors' committee sold all the remaining assets of the Charles Stern Company for a sum amounting to the 28 per cent. above mentioned, and distributed that sum to the creditors of Charles Stern Company, sending to appellant a check for $635.33, dated March 7, 1928. That check was inclosed in a letter to appellant which stated that the committee had liquidated the business of Charles Stern Company, and that the check inclosed was for the liquidating dividend of $635.33; that sum being 28 per cent. of the amount of the account submitted to the committee by appellant. Appellant received that check and collected and retained the amount it called for. On March 4, 1928, the appellant through its authorized representative, then at the place where the sale was made, knew that the sale was to be made the next day, and that the proceeds of the sale were to be distributed to creditors by checks. There was evidence to the effect that that sale was made without giving to creditors the notice required by the Bulk Sales Law of Georgia (Civ. Code 1910, § 3226 et seq.). A jury was waived. At the close of the evidence the appellant requested the court to find that the assets of Charles Stern Company had been sold in violation of the Bulk Sales Law of Georgia, and that those assets were subject to the garnishment in this case. The court refused to make such finding. It made special findings of fact, and stated conclusions of law to the effect that appellant was estopped to question the validity of the above-mentioned sale, and that the answer of the garnishees denying indebtedness be sustained.

The appellant, with knowledge that the sale was to be made and that it would receive a part of the proceeds in proportion to the amount of its account submitted to the creditors' committee, made no objection to the sale, and, after it was concluded, accepted and cashed a check for part of the amount paid for the assets sold. The sale being made by a committee representing creditors of the owner of the assets sold in substance was one made by such creditors through their representative. The absence of any objection to the sale by any one beneficially interested in it was an induce-

ment to a prospective purchaser to change his position to his detriment by making a bid at the sale, and, in the event of his bid being the successful one, paying the amount of it. By accepting and retaining a benefit from the sale with full knowledge of the circumstances attending it, the appellant acquiesced in and ratified the sale, and became estopped to repudiate it. The appellees, the purchasers at the sale and the corporation they formed to take over the assets sold, are beneficiaries of that estoppel. Stovall Company v. Shepherd Company, 10 Ga. App. 498, 73 S. E. 761; Williams v. Paine, 169 U. S. 55, 75, 18 S. Ct. 279, 42 L. Ed. 658; 10 R. C. L. 694. The attempt of the appellant to reach and subject by writs of garnishment assets which were the subject of the sale was an attempt to have the sale treated as a nullity as against appellant. In legal effect appellant's relationship to the sale was substantially the same as it would have been if appellant itself had made the sale and had received and retained for itself the whole of the purchase price paid. The appellant, being estopped to repudiate the sale, was not entitled to have the sold assets subjected to its writs of garnishment. The court did not err in ruling to this effect.

The judgment is affirmed.